UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VINCENT W. BOYD, <br><br> Plaintiff, <br><br> v. <br><br> WESTVILLE CORRECTIONAL FACILITY *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-CV-590 DRL-MGG |

OPINION AND ORDER

Vincent W. Boyd, a prisoner without a lawyer, initiated this case by filing a complaint against the Westville Correctional Facility and Philip Sonnebenge. ECF 2. Mr. Boyd didn't pay the filing fee. He is barred from proceeding *in forma pauperis* because he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Boyd has four strikes.[1]

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-*

---

[1] (1) *Boyd v. Sevier*, 3:18-CV-797 (N.D. Ind. filed Sept. 26, 2018), dismissed Nov. 5, 2018, pursuant to 28 U.S.C. § 1915A for failure to state a claim; (2) *Boyd v. Indiana*, 2:18-CV-404 (S.D. Ind. filed September 11, 2018), dismissed November 29, 2018, pursuant to 28 U.S.C. § 1915A(b); (3) *Boyd v. Indiana*, 1:19-CV-58 (S.D. Ind. filed Jan. 8, 2019), dismissed Feb. 11, 2019, pursuant to 28 U.S.C. § 1915A(b); and (4) *Boyd v. Indianapolis*, 1:19-CV-1769 (S.D. Ind. filed May 1, 2019), dismissed May 31, 2019, as frivolous pursuant to 28 U.S.C. § 1915A(b).

*Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Boyd's initial complaint sought monetary damages based on allegations that an envelope from a law firm and an envelope from the court clerk were opened, copied, and scanned in violation of the Constitution. Mr. Boyd filed an unsigned motion to amend his complaint before this court had an opportunity to screen his complaint. ECF 4. In it, Mr. Boyd asked the court to substitute new information for information included in his original complaint. N.D. Ind. L.R. 15-1 requires that he "reproduce the entire pleading as amended" and prohibits incorporating other pleading by reference. The unsigned motion to amend was stricken, but the court granted Mr. Boyd an opportunity to file an amended complaint that complied with this court's local rules. ECF 5.

Mr. Boyd filed his amended complaint on September 21, 2021. ECF 7. He also filed an unsigned "Motion of Facts and Findings and Conclusion of Law." ECF 8. The amended complaint appears to be missing page two. It would nonetheless be futile to give Mr. Boyd an opportunity to correct this deficiency. His original complaint concerned only claims related to his legal documents; the unsigned motion discusses only issues related to his legal documents; and the relief sought in his amended complaint concerns only his legal documents. It is clear from Mr. Boyd's filing that the essential facts and nature of his claim have not changed: he is still suing over Mr. Sonnebenge opening, reading, copying, and shredding his original legal documents. ECF 8 at 1. And the only

relief he is seeking is monetary relief. ECF 7 at 3. Claims seeking money for past events do not plausibly allege imminent danger of serious physical harm.

Mr. Boyd knows he is struck out. He was told in *Boyd v. Wexford Medical*, 3:21-CV-507-RLM-MGG (N.D. Ind. filed July 6, 2021), ECF 7. Mr. Boyd filed this complaint without prepaying the filing fee even though he knows he is prohibited from doing so unless he is in imminent danger of serious physical injury. *Id.* Neither his original complaint nor his amended complaint plausibly alleges that he is in imminent danger of serious physical harm. The law requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed without prepaying the filing fee after they have been informed that they are barred from doing so. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Thus, this case will be dismissed, the filing fee assessed, and Mr. Boyd restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) ORDERS the plaintiff, **Vincent W. Boyd, IDOC # 106930**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent

of the money he receives for each calendar month during which he receives $10.00 or more, until the **$402.00** filing fee is paid in full;

(3) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(4) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Vincent W. Boyd (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order;

(6) GRANTS Vincent W. Boyd leave to file a motion to modify or rescind the filing ban two years from the date of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

October 12, 2021            *s/ Damon R. Leichty*
                            Judge, United States District Court